Parker, C. J.,
delivered the opinion of the Court. The general rule has been, not to charge executors with interest when their accounts are settled in ordinary course ; and the reason is, that they are not at liberty to risk the money belonging to the estate which they represent, and are to be always ready to pay it over, according to the directions of the will, or the decree of the Probate Court. They ought not to be presumed to have made a profitable use of it; because it would be contrary to their duty to use it at all.
This rule admits of an exception, when it shall appear that the executors have actually made use of the money ; and this fact may be proved by direct testimony, or may be inferred from a long delay m settling their accounts, or in paying over balances in their hands after they have been demanded, and perhaps from other circumstances.
The delay that has taken place in the case before us might furnish grounds of presumption that the executors had not suffered the money to sleep by them so long, especially as they have not shown any actual deposit of it, if we could consider the respondents as acting solely in the capacity of executors. But, by the terms of the will,† there is ground to suppose they were constituted by the testator trustees, as well as executors ; and, in this double * capacity, as having the right not only to receive, but to retain, the property, to execute the designs of the testator with respect to the ultimate distribution of his property.
Now, although in their character of trustees they may be held accountable for a profitable improvement of the funds, as well as for the funds themselves, yet we are to consider this case in relation to the sureties of the respondents in their character of executors, who did not obligate themselves for the faithfulness of trustees ; and whatever act may be fairly referred to the latter capacity ought not to be charged to them in the former. Nothing has been proved in the case, which tends to show any executory act which would necessarily charge the respondents with interest; and, when called *192 upon as trustees, they may be able to show a complete justification for detaining the money unemployed in their hands.
If the executors should now pay over the balance, with which they stand charged, to the legal guardian of the minor children, they will be discharged from all accountability in the capacity in which they now stand before us. And, if they should choose to consider themselves as trustees under the will, the law has provided ample means of security to minors, not only for the capital, but also for the right improvement of it; and, perhaps, for any past neglect of putting it to proper use.
On these grounds, we do not think the decree erroneous with respect to interest.
As to the amount of interest with which the respondents have charged themselves, as actually received by them from the debtors to the estate, although the appellant had a right to exact a specification of the times when the several sums were received, and the executors could not protect themselves by such a general credit; yet, no objection having been made to this course before the Judge of Probate, and no evidence having been given in this Court to show any incorrectness in the amount credited, and as the accounts still remain open, so as that any sum * omitted may be made an item of credit to the estate, in a new account at the probate office, we do not think it necessary to reverse the decree for this cause.
The decree was accordingly affirmed, and the cause remitted to the Judge of Probate for further proceedings.
[ Lamb vs. Lamb, 11 Pick. 371. —Jennison vs. Hapgood, 10 Pick. 77. — Saxton vs. Chamberlain, 6 Pick. 423. — Toller on Executors, 480. — Ed.]

 The testator directed that the proceeds of his estate should not be distributed among his children, until they should arrive at full age.