At the sittings after this term Putnam J. read the opinion of the Court, as drawn up by
Parker C. J.
We think judgment must be for the smaller sum reported by the auditor, with an increase of interest to the present time. In some cases guardians have been charged with compound interest, but only where the circumstances are such as to raise a strong presumption of neglect in not putting the money of the ward into a productive state.
In a case lately decided in the county of Norfolk,[1] where *536 large sums ol money had come into the hands of the guardian and no account had been rendered for many years, there being rents of real estate and income from public stocks periodically received, it was thought right to have the account settled with a rest for every year, including principal and interest, and the balance thus struck carried forward, to be again on interest whenever the sum should be so large that a trustee acting faithfully and discreetly would put that sum into a productive state ; and 500 dollars was the sum which the Court tnought should subject the guardian to this charge. It was considered that it would be difficult for the guardian to invest smaller sums, and that he ought to be allowed to retain something on hand to meet contingent expenses.
The sum which the auditor finds to have been due from the guardian in this case is not precisely stated, for it is only a part of the balance of 188 dollars which is found against him. This is so small that the interest upon it was not a sufficient object for new loans, and it would not have been a breach of trust or negligence in him to have suffered it to remain in the hands of a debtor, so long as it was secure and the interest paid ; and if he might have suffered it to lay in the hands of another, he might keep it himself, without investing the annual interest.
We think the common rule of interest, as applied by the courts to contracts, even where the interest is promised to be paid annually, should not be departed from, except in cases where there has been a palpable neglect to make the most of the property of the ward.

 The case alluded to is Robbins, Judge, &c. v. Hayward et al., executors of a guardian of minor children, which was argued at Dedham in October 1822, and determined in February following.
In this case W, Prescott and Peabody, for the plaintiff, contended that strictness was required in the execution of trusts, and that the defendants should be charged with compound interest, especially since in this State a guardian is allowed a compensation for his services; and they cited Wood v. Robbins, 11 Mass. Rep. 504; Wyman v. Hubbard, 13 Mass. Rep. 232; Ex parte Grace, 1 B. & P. 376; The People v. Gasherie, 9 Johns. Rep. 71; Dunsromb v. Dunscomb, 1 Johns. Ch. Rep. 508; Manning v. Manning, ibid. 527; Schieffelin v. Stewart, ibid. 620; Robinson v. Cuming, 2 Atk. 410; Gould v. Tancred, ibid. 534; Treves v. Townsend, 1 Bro. C. C. 384; Hart v. Ten Eyck, 2 Johns. Ch. Rep. 117; Barrow v. Rhinelander, 1 Johns. Ch. Rep. 550; oster v. Foster, 2 Bro. C. C. 616; Raphael v. Boehm, 11 Ves. 92; Dornford v Dornford i, 12 Ves. 127; Stacpoole v. Stacpoole, 4 Dow’s P. C. 209; Pocock *536 v. Reddington, 5 Ves. 794. [See also Jennison v. Hapgood, 10 Pick. 104 , Diffenderfer v. Winder, 3 Gill & Johns. 311.]
Hubbard, contra, cited Connecticut v. Jackson, 1 Johns. Ch. Rep. 17; Waring v Cunliffe, 1 Ves. jun. 99; Parrot v. Treby, Prec. Ch. 254; Perkins v. Baynton, 1 Bro. C. C. 375; Newton v. Bennet, ibid. 359; Treves v. Townsend, ibid. 384 Forbes v. Boss, 2 Bro. C. C. 430; Littlehales v. Gascoyne, 2 Bro. C. C. 73 Chatham v. Audley, 4 Ves. 72. —Reporter.