GERARD C. BRANDON et al. *v.* SANDIFER J. HOGGATT, Adm'r.

1. EXECUTOR AND ADMINISTRATOR : WHEN LIABLE FOR INTEREST.—Whilst it is true, as a general rule, that an executor will not be chargeable with interest before the expiration of twelve months from the date of his qualification as such, yet, if it be clearly shown, that there was no necessity for his retaining the fund, he ought to pay interest ; and his petition to the Probate Court, in which he alleges that all the debts are paid, and asks permission to make distribution of a cer-

tain amount in his hands, which is granted, is sufficient proof to charge him with interest on the sum so ordered to be distributed, in case he fail to pay it.

2. SAME: ALLOWANCE OF ATTORNEY'S FEES.—An executor should not be allowed a credit for sums paid for attorney's fees, unless he show that the services were rendered for the benefit of the estate. See *Satterwhite* v. *Littlefield*, 13 S. & M. 302.

3. SAME: COMMISSION MUST BE CHARGED ON FUNDS IN WHICH ALL THE DISTRIBUTEES ARE INTERESTED.—If one of two executors, upon his own petition, be ordered to distribute a certain amount of funds in his hands, generally among several residuary legatees, and he distribute to all but one, he should not, on a final settlement made by himself, showing a balance in his hands not sufficient to pay his commissions, and the distributive share of such unpaid legatee, be allowed to credit his commissions on the balance in his hands, so as to diminish the amount due such legatee; his commissions, in that event, should be made chargeable on the assets in the hands of his co-executor, in which all the legatees are interested.

4. SAME: APPLICATION OF ASSETS IN DIFFERENT JURISDICTIONS.—An allowance should not be made to the executor out of the assets in the State, for the payment of a debt due by the testator in a sister State, wherein a portion of his estate is situated and administered, in a case where the testator devised his estate, situated in each State, to different persons.

5. PROBATE COURT: PLEADING.—The Probate Court cannot adjudicate upon questions not in issue by the pleadings.

APPEAL from the Probate Court of Adams county. Hon. Reuben Bullock, judge.

Nathaniel Hoggatt died in October, 1853, after having first made and published his last will and testament, which was regularly admitted to probate in December of that year. The testator, after making several specific legacies, devised the whole of the residue of his estate to be divided equally among his three children, Agnes Williams, wife of R. S. Williams, Charlotte Brandon, wife of Gerard C. Brandon, and Anthony Hoggatt. Of the four executors, appointed by the will, two only, viz: R. S. Williams and Gerard C. Brandon, qualified as such. Williams returned an inventory, showing assets in his possession amounting to over $100,000. Afterwards, in March, 1854, he filed a petition in the Probate Court, in which he represented that all the debts due by the testator, and chargeable on the assets in this State, which had come to his knowledge, were paid, and that he had sufficient cash on hand to pay to his wife a specific legacy of $20,000, left to her

by the will, and also to pay to each of the other children, $25,000, part of the residuary bequest made to them, and praying that he might make a partial distribution to that extent. The prayer of the petition was granted, and he was ordered to make distribution accordingly. Williams made the payments to his wife, and soon afterwards left the State, without having paid any part of the $25,000 to Anthony Hoggatt. (Brandon having paid the amount due to Mrs. Brandon.) Williams, before his departure, filed an account of his administration, in this court, showing a balance of cash against him of about $15,000, but it was never acted on, or passed by this court. In September, A. D. 1854, he was lost with the steamer Arctic, on his return from a trip to Europe. The appellee, Sandifer J. Hoggatt, having been appointed his administrator, filed his petition in the Probate Court, stating that the account which had theretofore been filed by Williams, was a true and correct statement of his accounts as executor, and praying that it might be accepted and passed as a final account. Gerard C. Brandon alone, was made a party defendant in the petition; but citations were directed by the court, and served on all the parties interested in the estate.

To this final account, the administratrix of Anthony Hoggatt and Gerard C. Brandon, filed several exceptions, on the following of which the judgment of the Probate Court was assigned as error in this court:—

First. The administratrix of A. Hoggatt excepted, because no interest was charged in the account against said Williams, on the sum of over $14,000, being the balance of the sum of $25,000, ordered to be distributed to said Anthony, (the remainder of which had been paid by Brandon.) Second. She also objected to the allowance of the commission, so as to diminish the sum of $25,000, being Anthony's share of the special legacy intended to be paid to him: and Third: To certain credits claimed for payments made to attorneys, for professional services, upon the ground that they were not rendered for the benefit of the estate, but for the private benefit of the executor.

Gerard C. Brandon objected to the attorneys' fees on the same ground, and further, that Williams should be charged with a cer-

tain note, due by one Groves, to the estate, and which could not be found among his papers. The evidence in reference to these several objections is sufficiently stated in the opinion of the court. The testator, at the time of his death, owned a plantation and slaves, situated in Madison parish, Louisiana, which, by his will, he gave to the children of Anthony Hoggatt. The most of his property in this State he devised to Mrs. Williams and Mrs. Brandon, upon the condition, however, that they should, within twelve months after his death, relinquish by deed, all their interest in his property in Louisiana.

The court below sustained all the exceptions above specified, except the one in reference to the note on Groves, and both Brandon and the administrator of Williams, appealed. The cross-appeals were, by the consent of parties, heard on the same record.

*G. M. Davis*, for Brandon,

Cited on the point, that the attorneys' fees were properly disallowed, *Satterwhite* v. *Littlefield*, 13 S. & M. 302. That Williams should have been charged with the amount of the note of Groves, he cited *Vaughan* v. *Moody*, 15 Peters, R. 1; also, 2 Johns. Cases, 376; Toler on Exr. 424.

*R. North* and *W. T. Martin*, for Anthony Hoggatt, adm'r.

*J. Winchester* and *W. P. Harris*, for Williams, adm'r,

On the point of the liability of Williams for interest, cited 2 Williams on Exr. 1227, 1567; *Satterwhite* v. *Littlefield*, 13 S. & M. 302; *Marsh* v. *Hayne*, 1 Edw. Ch. R. 187; 1 Pick. 530; 13 Mass. R. 232; *Patterson* v. *Nichol*, 6 Watts, 379; *Handy* v. *The State*, 1 Harris & John. 43.

To show that the commissions were improperly credited in the court below, they cited 1 Serg. & Rawle, 241.

HANDY, J., delivered the opinion of the court.

This is an appeal from a decree of the Probate Court of Adams county, against the administrator of Richard S. Williams, deceased,

who was one of the executors of the last will and testament of Nathaniel Hoggatt, deceased.

It appears that the testator died in October 1853, and in December 1853, Williams and Brandon, two of the executors, took out letters and filed an inventory showing a large amount of assets. At the March term 1854, of the Probate Court, Williams filed a petition showing that he had in his hands a large amount of money over and above what was required to pay the debts, and sufficient to distribute to the residuary legatees each, the sum of $25,000, of whom his wife was one ; and praying for an order of distribution accordingly, and for liberty to pay the sum due his wife and take her receipt, reserving enough to pay expenses, &c. And the court thereupon ordered that the prayer be granted.

At the April term, he returned an account showing that he had paid to his wife the sum of $25,000, in pursuance of the order of the court, and claiming allowance for sundry sums of money paid by him to attorneys. Williams left this State for the north in the summer of 1854, leaving the distributive share of Anthony Hoggatt, unpaid. He was addressed by letter after his departure, demanding payment ; but it is not shown that he received the letter, and he was afterwards lost in the month of September 1854, in the steamer Arctic. His co-executor, Brandon, afterwards paid to the administratrix of Anthony Hoggatt, about the sum of $10,952, being so much of the sum of $25,000 due that estate, as was in his hands. In May, 1855, Sandifer J. Hoggatt, as administrator of Williams, filed a petition in the Probate Court praying that the account returned by Williams at the April Term, 1854, should be confirmed, after allowance of commissions, as a final settlement of Williams' account.

Exceptions to this account were thereupon filed by Anthony Hoggatts' administratrix, and also by Brandon as surviving executor and in behalf of his wife, and upon the hearing, these exceptions were for the most part sustained, and a decree made for distribution against Williams' administrator, the particulars of which will be presently noticed; and from this decree appeals were taken and are prosecuted both by Williams' administrator, and Brandon as surviving executor.

Brandon et al. *v.* Hoggatt.

The first objection raised to the decree, applies to so much of it as charges the administrator of Williams with interest upon that part of the sum of $25,000, which, upon his application to the Probate Court at March term, 1854, he was directed to pay over on account of Anthony Hoggatt's share as a residuary legatee. It is insisted that the money was not legally demandable by the legatee until after the lapse of twelve months from the grant of administration; and, therefore, that no interest was recoverable from a prior period, although the money was in the executors hands, and he admitted that it was ready for distribution, and that there was no necessity for his retaining it.

The question whether interest should or should not be allowed against an executor, depends, for the most part, upon the circumstances of the particular case. It has been recognised as a general rule, that he should not be charged with interest until after the expiration of twelve months from the grant of letters testamentary; and this is upon the reason, that he cannot, under our laws, be compelled to distribute until the lapse of that period. But this is merely the general rule, which should prevail, unless there be circumstances showing that it would be just to charge him with interest from an earlier period. This rule is founded on the presumption, that it may be necessary for the executor to keep the funds in his hands for the first year of his administration, to answer the exigency of the testator's affairs; and hence the rule is settled in England that, according to the ordinary course of the court, the fund is not distributable until the lapse of that time. Yet if the executor keeps the money dead in his hands, without apparent reason or necessity, he will be chargeable with interest. 2 Wms. Ex'ors, 1132, (1st Am. ed.) And if it be clearly shown that there was no necessity for his retaining the fund, there can be no reason why he should not be accountable for interest, merely because the period of twelve months had not elapsed when it should with justice have been distributed. Otherwise he might claim exemption from liability for interest, upon the same ground, if he had before the lapse of the year applied the fund to his own use and made a profit by it.

The facts of this case show clearly that there was no necessity

or even excuse for retaining the fund. He fully admitted that, in his application for an order to make distribution; and he acted upon the authority which was granted, by immediately paying over the amount due his wife. By his own admission, then, he held in his hands a large amount of money due the other legatees, and which he should have paid over, and was, in fact, at his own solicitation, authorized to pay over; and he must be considered as having used the fund for his own profit, and was justly chargeable with interest. We think that the decree is correct in this respect.

The second ground of objection to the decree taken by the executor of Williams is, that the court disallowed certain items claimed in his account as having been paid for attorneys' fees.

These credits were properly rejected. They were not shown to be for professional services rendered for the benefit of the estate, in prosecuting or defending suits, or otherwise, which were allowable as charges against the estate. As to the sum paid by the executor to an attorney for drafting a release of the legatees' interest in real estate in Louisiana, as a condition to the enjoyment of the legacies, that was not a part of the duty of the executor to be charged against the estate, but should have been done by the parties for whose benefit it was done. There is no evidence to show that those items came within the rule held by this court to entitle the executor to claim an allowance for them out of the estate. *Satterwhite* v. *Littlefield*, 13 S. & M. 302.

It is also objected, that it was error to direct that the allowance of commissions to Williams should be paid out of other funds than the money in his hands, and which should have been paid over in March, 1854. There were other assets out of which the commissions could be paid; and as the share due the other legatees, according to his admission, had been paid, and he was delinquent in paying that due to Anthony Hoggatt's estate, it was proper to have his commissions paid out of other assets of the estate in which all the legatees were interested, and not to charge them upon the single share of one legatee, whose share he had improperly delayed to pay.

In behalf of Brandon, the co-executor, it is objected that the court

erroneously refused to charge Williams with the amount of a note against one Groves, due the testator's estate.

It appears that this note came to the hands of Williams, and that it cannot now be found, and therefore it is claimed that he should have been charged with the amount. So far as the evidence goes to explain the transaction, it appears that Williams settled the note with Groves by taking into account a claim alleged to be due to Groves from the estate of the testator in Louisiana. But there is no proof or authentication of the character or amount of the claim of Groves, and if it was valid, it related to the estate in Louisiana, to which the assets in this State could not have been legally applied. There is no voucher of the claim, and no showing in relation to it which would have justified the Probate Court in allowing it. Under such circumstances, it was manifestly improper for the court to treat it as having been properly paid; and therefore the estate of Williams should have been charged with the amount of the note which came to his hands.

Another objection raised in behalf of Brandon is, that the legacy claimed by the administratrix of Anthony Hoggatt, is subject either to *forfeiture* or *compensation* by reason of the fact that the administratrix brought suit against the executors of Nathaniel Hoggatt, for some of the property embraced in the residuary clause of the will under which she now claims, and recovered judgment; and in consequence of this, the residuary legacy is either forfeited or must be applied to satisfy the other legatees to the extent of the property claimed adversely.

But this question does not appear to be presented by the pleadings. The record presents simply a case of the settlement of an executor's account, and that not even a final settlement of the entire estate; and no question is presented with regard to the conflicting claims of the legatees; nor indeed are they even made parties to the proceeding. The record does not therefore present for consideration the question proposed.

The decree must be affirmed, as to the matters embraced in the appeal of Williams' administrator, and in all other respects, except as to the disallowance of the exception of Brandon on ac-

count of the note of Groves. That exception should have been sustained, and the administrator charged with that amount.

Judgment reversed, and cause remanded to be proceeded with accordingly.