BARTLETT, *Ap't, v.* FITZ, *Adm'x.*

An administrator may be allowed reasonable compensation for services and expenses incurred in rectifying mistakes, made without his fault, in the proceedings to set off dower and homestead, although the report of the committee setting off the same has been accepted, and no appeal therefrom has been taken.

An administrator, who has received money belonging to the estate, without investing it, but who has not used it to his personal advantage, and is not in fault for not investing it, is not chargeable with interest on it.

PROBATE APPEAL. Facts found by a referee. The appellant is a creditor of the insolvent estate of Luther Fitz, of which the appellee, the widow, is the administratrix. On rendering her first account, November 14, 1877, there was a balance in her hands of $198.61. Upon her petition, a committee, appointed for that purpose, set off to her dower and homestead in the estate, whose report was accepted June 11, 1878, from which no appeal was taken. Afterwards license was granted to her to sell the real estate of the deceased, and October 31, 1878, it was sold under that license. She received $175 at the time of the sale, and the residue was payable in thirty days on delivery of the deeds. At the expiration of this time, she declined to execute the deeds, because she had been advised that she could not safely do so, on account of certain defects in the set-off of dower and homestead, which the referee finds was defective and required correction. Thereupon she filed petitions in the probate court for the correction of these defects. The appellant objects to the allowance, by the judge of probate, of her charges for services, etc., in regard to these petitions, after the report of the committee on dower and homestead had been accepted.

After the correction of said defects, the conveyance of the real estate, and the payment of the money, she immediately presented her administration account to the court, and was charged with the amount of the sales, but without interest. She received no interest except about five dollars.

*G. C. & G. K. Bartlett*, for the appellant.

*Cross*, for the appellee.

FOSTER, J.   The complaint of the appellant is, that the administratrix was allowed to charge, in her administration account, for services rendered and expenses incurred in correcting certain defects in the proceedings to set off dower and homestead, the report of the committee having been accepted, and no appeal having been taken.   No objection is taken to the character of these charges, nor is it suggested that they were unreasonable in amount.

It was the right and duty of the administratrix to have dower and homestead set off at the expense of the estate (Gen. Laws, *c.* 196, *s.* 16), and if an error was made in those proceedings without her fault, she should not be chargeable personally with the cost of correcting it.   It was also her right and duty to sell the real estate under the license of the probate court, and to convey all the title of the deceased.   If, having made the sale, errors in the assignment of the dower and homestead were discovered which might affect the title, and involve the purchasers, as well as herself and the estate, in litigation, it was her duty to take measures to avoid such consequences.   The referee having found that the proceedings in relation to the set-off were defective and required correction, she ought to be allowed reasonable compensation for the expenses incurred in rectifying defects which occurred without her fault.

It is further objected that she ought to have been charged with interest on the money received by her in the course of her administration.   In *Lund* v. *Lund*, 41 N. H. 355, 359, it is said,—"The true rule to be applied, in charging administrators with interest, is well settled.   In all cases where the administrator, without any just reason or excuse, retains the money in his own hands unemployed, when it ought to be paid over, in all cases where he receives interest for money which belongs to the estate, and in all cases where he applies money belonging to the estate to his own use, he ought to be charged with interest,"—citing *Stearns* v. *Brown*, 1 Pick. 530; *Wyman* v. *Hubbard*, 13 Mass. 232; *Griswold* v. *Chandler*, 5 N. H. 492, 497; *Mathes* v. *Bennett*, 21 N. H. 188, 199; *Wendell* v. *French*, 19 N. H. 205, 213.   In the last case it is said, "An administrator is not chargeable with interest except he receive it, or make profitable use of the money, or unreasonably detain it."

In this case, it is claimed that the administratrix should be charged with interest on the $198.61 found in her hands upon the settlement of her first account.   But she was not required to pay this sum to the creditors till after a decree of distribution, and she could not settle the estate till after the sale of the real property. Not having unreasonably detained the money, or invested it, or in

any way used it to her personal advantage, and not being in fault for not investing it and causing it to earn interest, she is not chargeable with interest on it.

But it is contended that she should be charged with interest on the money for which the real estate was sold, after the expiration of thirty days from the date of the sale, when, by the terms of the sale, the purchase-money was payable. It appears, however, that whatever. delay there was in settling the estate, after the sale of the real estate, was occasioned by the mistakes with regard to the assignment of dower and homestead; and the referee has found that immediately after those mistakes were corrected, and the real estate finally conveyed and the money therefor received, her account was presented to the probate court for settlement, and she was charged with the amount of the sales, but without interest. Having a right to have those mistakes corrected, no reason is suggested why she should be charged with interest.

As she was not charged, for some unexplained reason, with the small amount of interest she had actually received, about five dollars, the decree of the probate court must be so modified as to charge her with that sum in her account; but neither party is entitled to costs. *Mathes* v. *Bennett*, 21 N. H. 188; *Marston* v. *Marston*, *ib*. 492; *Clarke* v. *Clay*, 31 N. H. 393; *Kingman* v. *Kingman*, *ib*. 182.

*Appeal dismissed.*

All concurred.