NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—February, 1886.

MORGAN *v.* MORGAN.

*In the matter of the estate of* LUCINDA L. MORGAN, *deceased.*

Trustees who employ, in their own business, the funds held by them in a fiduciary capacity, will at least be held accountable for the highest legal rate of interest thereon; and the stringency of this rule will not be relaxed in consideration of the fact that the fund has at all times been protected against loss by reason of the misappropriation.

The rate of interest to be exacted from trustees, upon funds which they have failed to invest within a reasonable time, depends upon the circumstances of each case, and cannot be determined by an unvarying rule.

Testamentary trustees do not necessarily forfeit commissions by irregularities through which the *cestuis que trustent* have suffered no detriment.

Cook v. Lowry, 95 *N. Y.*, 103—distinguished.

HEARING of exceptions taken by Henry Morgan and others to the report of the referee, to whom were referred the issues arising upon their accounting as trustees under the will of decedent. A previous phase of this case is reported in 3 *Dem.*, 612.

EVARTS, CHOATE & BEAMAN, *for trustees.*

PLATT & BOWERS, *for general guardian of Matthew Morgan and other infants.*

THE SURROGATE.—The referee, to whom were submitted the issues of this accounting proceeding, has found that the trustees are chargeable with simple interest, at six per cent., upon the moneys which, through the intervention of the Pigott mortgage, they borrowed from the trust fund in their hands, and applied to their personal uses and purposes. In deciding Morgan v. Morgan (3 *Dem.*, 612), I held that, though the act of the trustees in effecting this loan was open to censure, it was not such an act as established their unfitness to perform the duties of their trust, and as merited their removal from office. I expressly reserved, for subsequent determination, the question whether, by reason of that act, they had incurred any pecuniary liability.

Now, if they had, directly or indirectly, appropri-

ated these moneys from the trust fund without furnishing security, or adequate security, by mortgage or otherwise, the law is well settled that they could, on their subsequent accounting, have been charged, at the election of the *cestuis que trustent*, either with the profits that they had obtained by the use of those moneys, or with interest thereon at the legal rate.

In behalf of the *cestuis que trustent*, a claim is here made that their trustees be charged with interest. The fact that the estate has been at all times protected against loss, by reason of the loan in question, does not, in my judgment, relieve the trustees from this interest liability. I am not disposed to relax the stringency of the rule by which those who hold funds in a fiduciary capacity are forbidden to use such funds in the conduct of their own business. The exceptions to the referee's report in this regard are overruled, and, in addition to the five per cent., payable by the terms of the mortgage, the trustees must account for one per cent., upon the amount of the loan, from the date thereof to the date of the decree to be entered upon this accounting.

*Second.* I do not think that the referee has dealt too strictly with the trustees, in fixing the rate of interest with which he has held them chargeable upon the moneys that they suffered to remain from time to time in the New York Life Insurance & Trust Co. The evidence clearly shows that they were guilty of negligence in failing to make seasonable investment of these moneys in securities such as the courts of this State approve. As to the extent of the responsibility of trustees in this regard, it is impossible to

lay down any general rule. The rate of interest to which they should be held must always depend upon special circumstances, and it would be profitless to analyze the reported decisions in cases where facts have been presented more or less analogous to the facts appearing in the case at bar; but it seems to me that, upon the authorities cited below, the conclusion reached by the referee is just and fair (Dunscomb v. Dunscomb, 1 *Johns. Ch.*, 508; Schieffelin v. Stewart, *id.*, 620; Vanderheyden v. Vanderheyden, 2 *Paige*, 288; De Peyster v. Clarkson, 2 *Wend.*, 77; Ogilvie v. Ogilvie, 1 *Bradf.*, 356; Duffy v. Duncan, 35 *N. Y.*, 187; Gilman v. Gilman, 2 *Lans.*, 1; King v. Talbot, 40 *N. Y.*, 95; Shuttleworth v. Winter, 55 *N. Y.*, 625).

This charge of five per cent. interest with annual rests should continue until the entry of the decree. The sums allowed by the Trust Company during the same period, by way of interest upon the funds in question, may be retained by the trustees for their own use.

*Third.* I hold that the trustees have not forfeited their right to commissions. The recent decision of the Court of Appeals, in Cook v. Lowry (95 *N. Y.*, 103), does not lead my mind to a contrary conclusion. That was a case in which trustees had been guilty of the grossest dereliction of duty.

The exceptions to the report of the referee must each and all be overruled.