NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—May, 1887.

MATTER OF MAPES.

*In the matter of the estate of* DANIEL MAPES, *deceased.*

An administrator who kept $29,000 on deposit, for a year after his ad-
ministration of decedent's estate was substantially completed, was—
*Held,* liable for interest thereon, at the rate of one and one half per cent.,
from the expiration of a year after the date of his appointment.

HEARING of exceptions to report of referee to whom were referred the account, and objections thereto, of the administrator of decedent's estate, in proceedings for judicial settlement.

BAKER & RISLEY, *for administrator.*

SAMUEL M. PURDY, JAMES C. DELAMARE, *and* JAMES R. JESUP, *for other parties.*

THE SURROGATE.—I think that this accounting party is justly chargeable with the sum of $528.07, being interest at one and one half per cent. per annum, on the moneys of the estate that he has suffered to lie idle since March 16th, 1885, the expiration of a year from his appointment as administrator. The referee holds him accountable in the further sum of

$84.41, as interest on former balances in his hands. This finding is not approved, but in all other respects the referee's report is confirmed.

It is true, as counsel for the administrator claims, that courts are more reluctant to charge executors and administrators than to charge trustees for suffering funds committed to them to remain unproductive. But in the present case the executor kept on deposit for a whole year after the administration had been substantially wound up, the considerable sum of $29,000, upon which he might easily have secured interest from a trust company for the benefit of the estate. He must pay the penalty of this remissness (Harrington v. Libby, 6 *Daly*, 259, 267; Dunscomb v. Dunscomb, 1 *Johns. Ch.*, 508, 511; Livermore v. Wortman, 25 *Hun*, 341; Hockley v. Wilcocks, 1 *Binney*, 194; Brandon v. Hoggatt, 32 *Miss.*, 335; Ogilvie v. Ogilvie, 1 *Bradf.*, 356; Shuttleworth v. Winter, 55 *N. Y.*, 63).