LAURA F. ROBINSON, Appellant, v. J. G. LAKENAN ET AL., Respondents.

Kansas City Court of Appeals, December 5, 1887.

HUSBAND AND WIFE—CURTESY IN AN EQUITY OF REDEMPTION—CASE ADJUDGED.—A husband has curtesy in an equity of redemption. By executing deeds of trust with his wife on her land, as in this case, he releases his right by the curtesy only as against the trustees therein, and those claiming under them. And in the case of a sale of his wife's property, after her death, under the deed of trust in this case, any surplus arising from such sale was real estate, and the husband had a curtesy in such surplus.

APPEAL from Audrain Circuit Court, HON. E. M. HUGHES, Judge.

*Reversed and remanded.*

Statement of case by the court.

This case was tried by the court on the following agreed statement of facts : " On the third day of April, 1883, Mrs. Laughlin, a married woman, was the owner of the land in controversy, situated in Monroe county. On said day Mrs. Laughlin and her husband made, acknowledged, and delivered to R. B. Wade, as trustee, a deed of trust on the land to secure to the Connecticut Mutual Life Insurance Company a note for eighteen hundred dollars. This note was for money borrowed by the husband. Afterwards, on the fourth day of April, 1883, husband and wife made another deed of trust to defendant Lakenan, to secure a note made by the husband for

$——. Afterwards, Mrs. Laughlin died, leaving ten children and her husband, the father of the children, surviving her. Afterwards, one of the children, Mrs. Atkinson, made a deed of trust on the land, to secure a note of five hundred and fifty dollars, payable to interpleader, Mrs. Adams. Afterwards, three of the children, Mrs. Atkinson being one, and the husband, made a deed of trust, to secure a note to Mrs. Robinson, interpleader, for five hundred and fifty dollars. Afterwards, defendant Lakenan sold the land under the power contained in his deed of trust, and a surplus of $850.30 remains after the payment of said note. Lakenan brings the money into court, and asks that the surplus be distributed by order of the court. Laura Robinson and Mrs. Adams interpleaded, claiming the interests of the parties making their respective deeds of trust. And after said death, another of the children conveyed her interest to E. D. Graham, and said child also assigned, in writing, all of her interest in said surplus to said Graham."

The appellant asked, but the court refused to give, the following declaration of law :

"The court declares the law to be, that the said John W. Laughlin, the husband of the said Elgitha Laughlin, is entitled to a curtesy interest in said surplus, and that, under the deed of trust so given to the said Laura Robinson, she, the said Laura Robinson, is entitled to have paid over to her the value of said curtesy interest in and to said surplus."

The court rendered a judgment, giving to the said Mrs. Adams, interpleader, one-tenth interest in said surplus ; said E. D. Graham a one-tenth interest in said surplus, and this appellant, Mrs. Robinson, a two-tenths interest in said surplus, and divided the remaining six-tenths among the remaining six children who had not joined in any of said deeds of trust.

GEORGE ROBERTSON, for the appellant.

I.   The court erred in refusing to give the instruc-

tion asked by appellant, and in rendering the judgment entered. All of the requisites of the estate by curtesy exist: (1) Lawful marriage. (2) Seizure by the wife during coverture. (3) Birth of living children. (4) The death of the wife. Tiedeman on Real Property, sect. 101.

II. The husband has curtesy in an equity of redemption, in an equitable as well as a legal estate, and the same rules are applicable to the former which obtain in the latter. Tiedeman on Real Property, sect. 105, and authorities;• 1 Perry on Trusts, sect. 324; Boone on Mortgages, sect. 96; *Alexander v. Warrance*, 17 Mo. 228; *Tremmel v. Klieboldt*, 75 Mo. 255.

III. And has curtesy in the surplus arising from the sale of mortgaged lands, or money to be laid out in lands. *Davis v. Mason*, 1 Peters' Reports, 503; *Dunscomb v. Dunscomb*, 1 Johns. Ch. 508. That there may be a curtesy interest in money arising from the sale of lands is recognized by the law of this state. Rev. Stat., 1879, sect. 3339.

IV. A curtesy interest in lands is the right of the husband to the possession of the wife's lands, and becomes, when the other requisites exist, consummate upon the death of the wife. The husband, upon her death, is entitled to the possession of any lands of which she died seized, and as the fee in the lands descends to the heir, subject to the mortgage, so the right of possession to the lands descends to the husband, subject to the mortgage. According to the well-established doctrine, the mortgageor, after his mortgage, still continues the owner of the land, and seized of it against all persons but the mortgagee, or those who claim under him; and as to every person, except the mortgagee, the entire estate is in the mortgageor, or the owner of the equity of redemption, and so long as he is permitted to remain in possession of it, may deal with it as the owner in all respects.

V. If the husband, then, by right of curtesy is entitled to the equity of redemption, then why not to a cur-

tesy interest in the money arising from the sale of that equity? For the surplus so arising is simply that equity changed into money. Suppose that the lands so mortgaged were susceptible of being subdivided, and a portion of the lands were sold, and sufficient to pay the mortgage debt, certainly, then, no one could contend that the husband is not entitled to curtesy in the remaining portion unsold. That being the case, it follows logically and inevitably, that the husband is entitled to a curtesy interest in any surplus remaining after the payment of the mortgage debt.

VI. If Laughlin, the husband, had an interest in the equity of redemption, he could mortgage it and deal with it in any way he desired, and appellant's mortgage was a lien upon it. The judgment of the circuit court should be reversed, with directions to ascertain the value of the curtsey interest of Laughlin in said surplus, and to give the appellant judgment for it.

M. Y. Duncan and F. R. Jesse, for the respondents.

I. The judgment of the circuit court was for the right parties. The court committed no error in refusing appellant's instruction. John W. Laughlin, the husband, had no curtesy in the surplus arising from the sale made under the second deed of trust, because he had voluntarily parted with his interest when he signed the deeds of trust, and the sale under the second one forever cut out his claim to curtesy in the surplus. Rev. Stat., 1879, sect. 3310; *Casebolt v. Donaldson*, 67 Mo. 308; *French v. Rollins*, 21 Me. 372; 4 Kent's Com. [9 Ed.] side p. 83, top p. 92; *Kinner v. Walsh*, 44 Mo. 65. The latter case is decisive of this.

II. By the English law after the statute of 2 Westminster, chapter 24, a tenant by the curtesy would forfeit his estate by making a feoffment of the lands (2 Institutes, 309), and under our law a conveyance in fee would have the same effect. *Casebolt v. Donaldson*, 67 Mo. 308.

III. By the agreed state of facts, John W. Laugh-

lin, the husband, had obtained one thousand eight hundred dollars on this land, his wife having pledged her lands for that amount to the Connecticut Mutual Life Insurance Company, and by the sale under the second trust, the entire estate was lost to Mrs. Laughlin and her children, because, at that sale the title to the lands passed into strangers, who took it subject to the first trust, and one month after the date of the second deed of trust Mrs. Laughlin died, and in less than a year after her death the sale was made under the second trust deed, and out of the proceeds of that sale the surplus in controversy arose. It is nowhere shown that the money obtained on the second trust deed was not also borrowed by the husband. All the presumptions in the case are that the husband borrowed this money for his own use, and that Mrs. Laughlin never got a cent of it. If this be true, then, J. W. Laughlin has already obtained for his own use out of said lands two thousand one hundred and fifty dollars by procuring his wife to make these trust deeds, on which he got and used the money. Certainly that ought in all good conscience to be an ample sum to compensate him for any curtesy he may have had in these lands, and leave the pittance of a few hundred dollars to go towards the support of his children. Not satisfied with making trusts while his wife lived, he reaches his profligate hand after the balance, by attempting to convey any supposed interest he may have in this surplus. Certainly the courts of this country will not encourage such greed against the rights of helpless children.

IV. The case of *Alexander v. Worrance* (17 Mo. 228) has no application to a case like this, where the husband has made a voluntary conveyance of his rights. So also of the case of *Tremmel v. Kleibolt* (75 Mo. 255), and of the case of *Dunscomb v. Dunscomb* (1 Johnson's Chancery, 506). These cases were decided on other grounds than this case presents.

HALL, J.—The single question presented for our decision is, did Mrs. Laughlin's husband have an interest

by the curtesy in the surplus in Lakenan's hands, which surplus arose from the sale by Lakenan of Mrs. Laughlin's land after her death under his, the second deed of trust? In favor of such interest by the husband there existed lawful marriage, seizure by the wife during coverture, birth of living children, and the death of the wife. Against such interest the respondents contend, on the ground that, by signing the deeds of trust with his wife, the husband parted with such interest, and that the sale under the second deed of trust forever cut out his claim to the curtesy in the surplus. A husband has curtesy in an equity of redemption. 4 Kent's Com. 31; 1 Perry on Trusts, sect. 324; Schouler's Dom. Rel. 164; Tiedeman on Real Prop., sect. 105; 2 Jones on Mort., sect. 1067; *Davis v. Mason*, 1 Pet. 508. By executing the deeds of trust with his wife the husband released his rights by the curtesy only as against the trustees therein and those claiming under them. Jones on Mort. *supra*. The husband had the right to redeem.

Lakenan, as trustee in the second deed of trust, made the sale after his (Laughlin's) wife's death. The surplus in his hands arising from such sale was, therefore, real estate. The husband had a curtesy in such surplus. 2 Jones on Mort., sects. 1693, 1695, 1933; *Dunscomb v. Dunscomb*, 1 Johns. Ch. 508.

Judgment reversed and cause remanded. All concur.