LUCY C. ELIOTT *vs.* JOHN SPARRELL & others.

A legacy of money was given, payable when the legatee should become of age; the legacy "to be taken from my personal estate, before making a division of the same, and invested by my executors for the especial purpose of paying the above named legacy." The executors in their account charged themselves with cash "reserved for the payment of legacy," but never invested the money. In a suit by the legatee against the executors to recover the legacy, *Held*, that the executors were chargeable with interest from the time, as shown by their account, the legacy was taken from the personal estate; that, as they had detained, instead of investing, the money, annual rests were to be allowed, and that no allowance was to be made for taxes paid by them

CONTRACT to recover interest upon a legacy.

In the Superior Court, trial by jury was waived, and the case was heard and was determined by *Brigham*, C. J., upon finding the following facts : Joshua Magoun died December 6, 1857, and left a last will, which was duly admitted to probate January 12, 1858. The material portion of the will was as follows :

" 8th. I give and devise and bequeath to my granddaughter, Lucy C. Eliott, the sum of five hundred dollars, to be paid to her by my executors when she shall arrive at the age of twenty-one years. If she should die before she arrives to the age of twenty-one years and leave no issue, then this bequest of five hundred dollars is to be equally divided to and amongst my other surviving children who may be living at the time of her decease. If not living, and leaving issue, the issue to receive the share of the father or mother, as the case may be. The said five hundred dollars bequeathed to my granddaughter Lucy C. Eliott, I direct to be taken from my personal estate, before making a division of the same, and invested by my executors for the especial purpose of paying the above named legacy."

The defendants were duly appointed executors.

The plaintiff was the Lucy C. Eliott named in the will , she became of the age of twenty-one years October 10, 1872, and soon after demanded of the defendants, as executors, the payment of the legacy, with the income and interest thereof. The defendant James W. Magoun paid her $500, with interest from October 10, 1872 ; but he and the other defendants refused to

account for or pay to the plaintiff any income or interest accruing upon the $500 prior to October 10, 1872.   The testator left an amount of personal estate more than sufficient to pay the legacy. But the defendants did not take the $500 from the personal estate of the testator and invest it, but held it with the testator's other personal estate in their hands.   The executors filed in the Probate Court separate accounts, which were duly allowed.   In the account of John Sparrell, allowed April 12, 1859, Sparrell, in his schedule of payments, placed this item : " To legacy to T. J. Eliott's daughter, $500 ; " and in the account of James W. Magoun, allowed February 8, 1859, was the following item in the schedule of assets received by him : " Feb. 4, 1858, Cash of John Sparrell, $500." In the account of James W. Magoun, allowed May 8, 1860, was the following item in the schedule of payments : " By cash in his hands reserved for the payment of legacy given by the will of the deceased to be paid Lucy C. Eliott on her arriving at the age of twenty-one years, $500." The item of $500 in Sparrell's account was the $500 stated in Magoun's account of February 8, 1859, the money having been then transferred by Sparrell to Magoun, who never separately invested it.

The plaintiff contended that the income or interest on the legacy, prior to October 10, 1872, was due to her, and that in computing it annual rests should be made.   The defendants contended that if the plaintiff could recover (which they denied) they were entitled to an allowance for taxes paid by them.

The court, upon the foregoing facts, ruled that the plaintiff could not maintain her action, and found for the defendants, and the plaintiff alleged exceptions.

*C. Robinson, Jr.*, for the plaintiff.

*C. S. Lincoln*, for the defendants.

ENDICOTT, J.   The testator, by the eighth clause of his will, gave to his granddaughter, the plaintiff, a legacy of $500, payable to her when twenty-one years of age ; if she died before reaching that age, to her issue ; and in default of issue, to the testator's children then living, or the issue of any deceased child. The clause also contains the provision that the legacy is " to be

taken from my personal estate, before making a division of the same, and invested by my executors for the especial purpose of paying the above named legacy." The clear meaning of this is, that when the $500 shall be separated from the other personal estate, it is the duty of the executors to invest the same in prope securities, bearing interest; and though nothing is said in regara to the income or any payments during the minority of the plaintiff, the accumulation from such investment would belong to her, as the legacy was vested in her, and become part of the legacy to be paid her at twenty-one. *Hall* v. *Cushing*, 9 Pick. 395. *Miller* v. *Congdon*, 14 Gray, 114.

The only question, therefore, is whether the sum of $500 was taken from the other personal estate by the executors, as directed, and set apart as the legacy to the plaintiff. On this point, we think the accounts of the executors are decisive that it was. In the account of Sparrell, allowed April 12, 1859, he places among the items of his payments this legacy of $500; his co-executor Magoun, in his account allowed February 8, 1859, charges himself with the legacy as received from Sparrell, and in a later account, allowed May 8, 1860, Magoun has in his schedule of payments this item : " By cash in my hands reserved for the payment of legacy given by will of the deceased, to be paid to Lucy C. Eliott on arriving at the age of twenty-one years, $500." It has been so held by the executor, separate from the other personal property, as the legacy of the plaintiff; and this appears in the most authoritative form in which the act of an executor can be established, by his sworn account allowed in the Probate Court. It is an "authoritative and notorious act" showing a change in the manner in which the property was held, as mentioned in *Whitcomb* v. *Williams*, 9 Met. 525, 534. It was therefore the duty of the executors, upon such separation, to have invested the sum according to the direction of the will. Not having done so, they may be charged for interest. It is immaterial where the money has actually been during this period. It is sufficient, being set apart, that the duty imposed by the will has not been performed. There is no universal rule when interest shall commence. We think in this case the rule adopted in *Boynton* v

*Dyer*, 18 Pick. 1, 8, is the most just, and that the computation of interest should commence on the settlement of the first accounts, these having been made promptly and within a reasonable time. The accounts of both executors having been allowed on or before April 12, 1859, we consider that the proper time. See *Miller* v. *Congdon, supra.*

As the executor Magoun has had this money in his hands during this period from April 12, 1859, to October 10, 1872, when the plaintiff came of age, the rule in *Boynton* v. *Dyer* and *Miller* v. *Congdon* should be followed, and the interest should be computed by adding the interest each year to the principal, and taking the sum for the next year's principal.

As the executors have separated this legacy by their accounts from the testator's other personal property, no allowance is to be made for taxes. *Exceptions sustained.*