WILLIAM T. FORBES, Judge of Probate, *vs.* CHARLES E. WARE, administrator.

Worcester.    October 4, 1898. — January 5, 1899.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Assessor — Master — Breach of Guardian's Bond — Set-off — Payment — Support and Maintenance of Minor Children — Contract — Evidence — Compound Interest.*

In an action for the breach of a guardian's bond an assessor's report may be treated as in the nature of a master's report.

Even if it is assumed that the administrator of a ward's estate can bind it by an agreement with the guardian that it shall be liable to the guardian for the support and maintenance by her of the children left by the ward, yet the contention, in an action for the breach of the bond, that the amount so expended is to be treated as set-off and payment cannot avail, if there is nothing to show that any such agreement was entered into, either in the facts agreed to at the hearing before the master or in the evidence that was offered and excluded, and there is nothing from which such an agreement can be implied.

In an action against the administrator of a guardian for the breach of her bond, the fact that the husband of the ward had no property except such as he would receive from his wife's estate has no tendency to show that the guardian had a valid claim against the estate of the ward for the support and maintenance of the children of the ward after her death.

In an action against the administrator of a guardian for the breach of his bond the defendant cannot put in evidence in his own favor the declarations of his intestate.

Even if it is assumed, in an action for the breach of a guardian's bond, that evidence offered by the defendant should have been admitted, yet its exclusion does him no harm, if it falls far short of establishing his contention of a certain payment as a right to a set-off.

The fact that a guardian mingled the property of the ward's estate with his own, used it the same as his own, and neglected to pay it over, does not, in an action of contract for a breach of the bond, justify, without anything more appearing, the imposition of compound interest at the rate established by law in this Commonwealth for simple interest.

CONTRACT, for the benefit of Edward E. Webster and George J. Marsh, administrators of the estate of Mabel A. (Miles)

Webster, against Charles E. Ware, administrator with the will annexed of the estate of Mary J. Miles, upon a bond given by her to the Judge of Probate as the former guardian of said Mabel A., and approved on July 3, 1877. Mabel A., who was the wife of Edward E. Webster, died on July 2, 1885, and was then a minor, and the administrators of her estate were appointed on January 4, 1896. Mary J. Miles died on April 3, 1894, and the writ in the present case was dated May 8, 1896.

The case was referred to an assessor, and afterwards reserved by *Allen*, J. for the determination of the full court. The facts appear in the opinion.

*W. S. B. Hopkins & C. A. Russell*, for the plaintiff.

*H. Parker*, for the defendant.

MORTON, J. We treat the assessor's report as in the nature of a master's report. See *Fisk* v. *Gray*, 100 Mass. 191; *Paddock* v. *Commercial Ins. Co.* 104 Mass. 521; *McKim* v. *Blake*, 139 Mass. 593. Exceptions to it were taken by both parties. The plaintiff has not argued the first exception taken by him, and states, in effect, that he does not now insist upon the others. We therefore regard the plaintiff's exceptions as waived.

The substance of the defendant's exceptions is that the master erred in regard to the matter of set-off and payment, and in excluding evidence that was offered by the defendant in support of it, and also in computing interest at six per cent, with annual rests on the balance found due from the defendant's intestate to the estate of her ward.

The claim on which the defendant relies in set-off and payment did not arise till after the death of the intestate's ward, and is for the support and maintenance by the defendant's intestate of the children left by her former ward. If we assume that the administrators of the ward's estate could have bound it by an agreement with the defendant's intestate that the estate which they represented should be liable to her for such support and maintenance, — in regard to which there are great difficulties, — there is nothing tending to show that any such agreement was entered into, either in the facts agreed to at the hearing before the master, or in the evidence that was offered and excluded. Nor do we see anything from which such an agreement can be implied. All that appears is that,

after the mother's death, the grandmother took the children home with her and supported and cared for them till her death. In the summer they made visits at their father's home in Gloucester, and lived with their grandmother the rest of the time with his knowledge and consent. There is nothing to show that she expected payment for what she did. She was not the guardian of the children, or legally liable for their support. The father was their natural guardian, and was bound to maintain them. Nothing occurred, so far as appears, to relieve him from that obligation. The fact that he had no property except such as he would receive from his wife's estate had no tendency to show that the defendant's intestate had a valid claim against the estate of her former ward for the children's support and maintenance after the ward's death. We discover no ground on which it justly can be held that what the defendant's intestate did in supporting and maintaining the children operated as a payment in whole or in part of what was due from her to the estate of her ward, or should be so treated in equity and good conscience. The evidence which was offered by the defendant, as to what his intestate said respecting the terms and conditions under which the children were living with her, was rightly excluded. The defendant could not put in, as evidence in his own favor, the declarations of his intestate. Even if we assume that the other evidence which was offered by the defendant should have been admitted, its exclusion did the defendant no harm, as it fell far short of establishing a payment or a right to a set-off. We think that the rulings of the assessor on this part of the case were correct, and that the defendant's exceptions, so far as they relate to the matter of payment or set-off and evidence offered in support thereof, must be overruled. We have considered the questions on their merits without regard to certain technical objections which have been urged by the plaintiff.

The remaining question relates to the matter of interest. The assessor found that on December 10, 1887, there was a balance due from the defendant's intestate of $10,795.32, reckoning simple interest at six per cent, and that subsequent to that date she mingled this sum with her own property, " used the same as her own, neglected to pay over the same to the representative of

the ward, and retained the same under such circumstances as warrant the court in imposing compound interest," and he, accordingly, in finding the amount due, computed compound interest at six per cent. The evidence is not reported. We understand that the ruling of the assessor, " that as matter of law compound interest should be computed on the balance," was based on the facts found by him, as before stated, in regard to the manner in which the guardian had dealt with the trust property, and that, when he states that the guardian retained the sum due the ward's estate under such circumstances as warrant imposing compound interest, he means that she mingled it with her own property, used it the same as her own, and neglected to pay it over. It does not appear that the guardian was engaged in business and employed the ward's property in it, what use the guardian made of the property, or that she received any income or profit from it, or that there was any wrongful intent on her part. It is not found that a demand was made upon her by the representatives of the ward, or that she refused to account. There is no finding as to what the property of the ward consisted of. It is stated that her own consisted largely of real estate standing in her own name and that of a third person, but that is all. It is not found, in terms at least, that there was any wilful breach of trust, and it is not unlikely that the manner in which she dealt with the property was due to a failure to discriminate clearly between relations arising out of the fact that the ward and her children were her daughter and grandchildren and her duties as probate guardian. And the question is whether the fact that the guardian mingled the property of the ward's estate with her own, used it the same as her own, and neglected to pay it over, justifies, without anything more appearing, the imposition of compound interest at the rate established by law in this Commonwealth for simple interest. We do not think that it does. Simple interest at six per cent will undoubtedly yield more than the guardian would have been able to realize from any investment that she would have been authorized to make. In some cases it is said that compound interest is imposed as a penalty, but the more correct view seems to be that it is imposed because in the particular case it has been received, or is presumed to have been

received, or ought to have been received, or the circumstances were such that the court was unable to determine whether the person charged had or had not received it, and compelled him to account for it in order to make sure that the *cestuis que trust* received all to which they were entitled. *Attorney General* v. *Alford*, 4 DeG., M. & G. 843. *Burdick* v. *Garrick*, L. R. 5 Ch. 233, 241, 243. *Vyse* v. *Foster*, L. R. 8 Ch. 309, 333. *Schieffelin* v. *Stewart*, 1 Johns. Ch. 620. Perry, Trusts, § 471.

In other words, the principle of liability is accountability for what has been received, or ought to have been received, or must be presumed to have been received, and not punishment for a breach of duty. A guardian has no right to mingle the funds and property of his ward with his own, but it is doubtful whether the fact that he has done so will justify, without more, the imposition of compound interest. *Forbes* v. *Allen*, 166 Mass. 569. *McKim* v. *Blake*, 139 Mass. 593. *McKim* v. *Hibbard*, 142 Mass. 422. *White* v. *Ditson*, 140 Mass. 351. *Dunlap* v. *Watson*, 124 Mass. 305.

A guardian is bound to exercise strict fidelity and a sound discretion in caring for the interests of his ward, and if his neglect in paying over or investing is culpable, he will be charged with interest on the ground that it will be presumed that he received it, or ought to have received it; but it seems to us that he ought not to be charged with compound interest unless the neglect is so gross as to warrant the presumption that he received or ought to have received that also. *Lamb* v. *Lamb*, 11 Pick. 371, 374, 375. *Wyman* v. *Hubbard*, 13 Mass. 232. *Fay* v. *Howe*, 1 Pick. 527. *Boynton* v. *Dyer*, 18 Pick. 1. *Eliott* v. *Sparrell*, 114 Mass. 404. *Attorney General* v. *Solly*, 2 Sim. 518. *Dunscomb* v. *Dunscomb*, 1 Johns. Ch. 508. *Manning* v. *Manning*, 1 Johns. Ch. 527. *Ex parte Ogle*, L. R. 8 Ch. 711, 716. Such an inference will be drawn with less difficulty where there is an element of fraud in the conduct of the guardian or trustee; but in this case none is found. Generally the cases in which compound interest has been allowed have been cases in which, in violation of his trust, the trustee or guardian has employed the trust property in trade, business, speculation, or some other manner for his private benefit, and has received an income or profit therefrom, or cases in which there was an element of

fraud, or where there were productive stocks and securities which he had converted to his own use, or where there were express directions to pay over or to invest, or where there were other circumstances tending to show gross delinquency on his part. *Robbins* v. *Hayward*, 1 Pick. 528, note.   *Jennison* v. *Hapgood*, 10 Pick. 77, 104, 105.   *Boynton* v. *Dyer*, 18 Pick. 1.   *Eliott* v. *Sparrell*, 114 Mass. 404.   *Hook* v. *Payne*, 14 Wall. 252. *McKnight* v. *Walsh*, 8 C. E. Green, 136.   *Farwell* v. *Steen*, 46 Vt. 678.   *Jones* v. *Foxall*, 15 Beav. 388, 392.   *Swindall* v. *Swindall*, 8 Ired. Eq. 285.   *Schieffelin* v. *Stewart*, 1 Johns. Ch. 620.   Perry, Trusts, § 471.   Story, Eq. Jur. § 1277.

A majority of the court do not think that the circumstances in this case are such as to justify the imposition of compound interest; but that simple interest at six per cent should be reckoned from the 10th day of December, 1887, down to the issuing of the execution.   The result is that on this branch of the case the defendant's exceptions are sustained.   Decree to be entered in accordance with this opinion.   *So ordered.*