WILLIAM B. ARNOLD *vs.* GEORGE H. MAXWELL & another.

Suffolk. March 8, 1918. — May 29, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice,* Master's report. *Rules of Court. Evidence,* Of value. *Interest. Equity Jurisdiction,* For an accounting. *Damages,* In equity. *Law of the Case.*

An objection at a hearing before a master in a suit in equity to the admission of certain evidence cannot be made the foundation of an exception to the master's report on the ground of his admission of the evidence, if the party attempting thus to except to the master's report failed to file an objection in writing as required

by Equity Rule 31 after notice of the preparation of the master's draft of his report.

Where a suit in equity for an accounting was referred to a master to ascertain the value of the stock of a certain corporation at a certain date, the master against objection, for the purpose of showing the value of the stock at that date, admitted evidence showing the earnings of that corporation for the three years succeeding the date in question and ruled "that he was entitled to consider all the facts reported to him, considering subsequent events so far and so far only as they serve to indicate the true worth of elements of value actually existing on" the day in question. No objection in writing to the master's report on account of the admission of this evidence was filed as required by Equity Rule 31, so that an exception to the master's report on this ground could not be considered, but it was *said* that the objecting party was not harmed by the ruling of the master.

Although the general rule in equity as at law is to allow only simple interest by way of damages, yet compound interest sometimes is allowed, and in the present case, where the defendant had been ordered to account for the value of certain stock at a certain date and the case was referred to a master to ascertain the value of the stock at that date, it was *held* that a ruling of the master was not erroneous, that interest should be computed "from the date of settlement to the date of the filing of the bill, with a rest as of the date of filing the bill and interest thereafter on the principal so ascertained" to the date of the decree.

In the case above described a decision of this court at a previous stage of the same case had ordered that, in the accounting, interest should be allowed on the whole amount due to the plaintiff "from the date of settlement to the date of filing the bill," and it was *pointed out* that this was the law of the case.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 20, 1912, in substance for an accounting between partners.

The case first was reserved by *Braley,* J., for determination by the full court, and, by a decision reported in 223 Mass. 47, it was decided that the defendant was chargeable in a partnership accounting on the basis of an agreement of equality as of January 20, 1908, the date of a settlement that had been made between the partners, both for certain payments made to the defendant for legal services and for the value of certain additional shares in the stock of the North American Chemical Company, called the Spalding stock, that had been acquired secretly by the defendant, and it was ordered that the case be recommitted to the master, the terms of the decree to be settled before a single justice.

Thereafter by an order made by a single justice the case was recommitted to the master "to ascertain the value of the Spalding stock as of January 20, 1908, the date of the settlement between the defendant Maxwell and the plaintiff."

The master filed a report, to which both the plaintiff and the defendant filed exceptions. Later the case was heard by *De Courcy,* J., upon the exceptions to the master's report. The material portions of the master's report and the defendant's exceptions to that report are stated in the opinion. The single justice was of the opinion that the exceptions to the master's report taken by the plaintiff should be overruled and that the exception taken by the defendant should be sustained, and he so ruled. He found that the number of the Spalding shares, the value of which the plaintiff was entitled to recover, was two hundred and twelve; that the amount of dividends received on that number of shares, and to which the plaintiff was entitled, was $7,691.33; that the amount of the payments for legal services to which the plaintiff was entitled was $830; and that the payment on account of treasury stock made by the defendant to the company, with which the defendant was to be credited, was $975. The single justice reported the case for determination by the full court of the correctness of his rulings as to the exceptions and the question as to what value should be placed upon the Spalding stock as of January 20, 1908, upon the master's report. He further reported the question whether the interest to which the plaintiff was entitled under the decision in 223 Mass. 47, 54, was to be computed from the date of settlement to the date of the decree, or from the date of the settlement to the date of filing the bill, with a rest as of the date of filing of the bill and interest thereafter on the principal so ascertained, a decree for the plaintiff to be entered for the amount as determined upon the master's report and the facts here stated.

*J. B. Studley,* for the plaintiff.

*S. L. Whipple,* (*A. Lincoln* with him,) for the defendants.

CARROLL, J. In the former decision in *Arnold* v. *Maxwell* (223 Mass. 47), the case was recommitted to the master, who by an interlocutory decree was directed "to ascertain the value of the Spalding stock as of January 20, 1908." The master admitted evidence of the earnings of the North American Chemical Company for three years succeeding January 20, 1908, (to which ruling the defendant objected) and found that the value of the stock in this company at that time was $125 a share. The defendant excepted, "because the master found and ruled . . . that the value of the stock of the North American Chemical Company as of

January 20, 1908, was $125 a share, following the theory that he was entitled to consider all the facts reported to him, considering subsequent events so far and so far only as they serve to indicate the true worth of elements of value actually existing on January 20, 1908." No written objection to the report was delivered to the master, as required by Equity Rule 31.

The single justice by whom the case was heard was of opinion that the defendant's exception should be sustained, and reported for the determination of the full court his ruling on this question and also the question whether interest was to be computed "from the date of settlement to the date of the decree, or from the date of the settlement to the date of filing the bill, with a rest as of the date of filing the bill and interest thereafter on the principal so ascertained."

The defendant's exception is not before us. He objected when the evidence was admitted showing the earnings of the corporation for the three years succeeding January 20, 1908, but failed to comply with Equity Rule 31, requiring the filing of a written objection with the master. The objection taken by the defendant cannot be relied on to maintain an exception to a master's report without an objection in writing to the report itself. *Hillier* v. *Farrell,* 185 Mass. 434. *Smedley* v. *Johnson,* 196 Mass. 316. *Murphy* v. *Moore,* 228 Mass. 565.

It may not be improper to say that we do not think the defendant was harmed by the ruling of the master. He was directed to find the value of certain shares of stock in a partnership accounting, "on the basis of the agreement of equality." The stock had no market value as fixed by actual sales and it was not quoted on any exchange. Even if a market might be created for it, the price which a third person not connected with the enterprise would pay was not a fair measure of the value of the stock which the defendant should be called upon to pay his partner; nor was the true value in an accounting between partners what the stock was worth to the defendant, without considering its importance to him as a means of controlling the corporation management. In determining the value of the stock at $125 per share, the master found what it was worth to the defendant who sought the direction and control of a successful business and it was proper to take into account all the elements which made the stock valuable to him for

any purpose. *Hutchins* v. *Page*, 204 Mass. 284. The net earnings of the corporation for the two years preceding January 20, 1908, were $36 a share. The defendant successfully continued the business and for three years following January, 1908, carried it on in substantially the same way as before. The net earnings of the corporation for that period were $31 per share. We find no error in considering these subsequent earnings for the purpose of ascertaining the value of the stock in January, 1908, especially when the corporation was controlled by the same person and engaged in the same undertaking, which was a substantial continuation of the business as it existed in January, 1908. Under these conditions, in an equitable accounting between partners the subsequent events could be considered in ascertaining the value of the stock to the defendant as of the earlier date. Subsequent sales of land similarly situated to the petitioner's land, are frequently admitted, and "the mere lapse of time after the taking did not render the evidence of the sales incompetent." *Roberts* v. *Boston*, 149 Mass. 346, 354. Where stock has no market value when issued, evidence of succeeding sales may be resorted to. *East Tennessee Land Co.* v. *Leeson*, 183 Mass. 37, 40, 41. In *Whiting* v. *Price*, 172 Mass. 240, 242, the jury were instructed to consider "what has happened since in order to determine what the value of the bond was and what it is now." This instruction was held to be correct.

The general rule in equity and law is to allow simple interest by way of damages, and following this rule the defendant contends that interest should be computed from the date of the settlement to the date of the decree. *Parker* v. *Simpson*, 180 Mass. 334, 359. *McKim* v. *Blake*, 139 Mass. 593. But this general rule is not always followed. Compound interest sometimes is allowed to prevent a fiduciary who has acted dishonestly from acquiring unjust profit or gain and for the purpose of affording a just and equitable settlement. *Boynton* v. *Dyer*, 18 Pick. 1, 6, 7. *Jennison* v. *Hapgood*, 10 Pick. 77, 104, 105. *Forbes* v. *Ware*, 172 Mass. 306, 310. It was accordingly held in *Arnold* v. *Maxwell*, 223 Mass. 47, that the plaintiff was entitled to interest on the whole amount due him from the time of settlement to the date of filing the bill. This is the law of the case, see *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257, 260; *Taylor* v. *Pierce Brothers, Ltd.*

220 Mass. 254, 255, and must decide the question of the computation of interest.

It follows that interest is to be computed on the amount due the plaintiff from the date of settlement to the date of filing the bill, with a rest as of that date, and interest thereafter to the date of the decree. The report of the master is affirmed. A decree is to be entered in favor of the plaintiff for the amount determined in the master's report and the facts stated in the report of the single justice, with interest from the date of settlement to the date of filing the bill, and interest on that amount to the date of the decree.

*So ordered.*