WALWORTH COMPANY *vs.* LOCKE STEVENS & SANITAS, INC., & another.

Suffolk. April 5, 1938. — June 28, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Sale,* Of merchandise in bulk. *Equity Jurisdiction,* Conveyance in fraud of creditors. *Equity Pleading and Practice,* Decree.

A suit by a creditor to avoid a sale in bulk which was in violation of G. L. (Ter. Ed.) c. 106, § 1, and of which he had had notice, in the circumstances was brought with the necessary reasonable dispatch in twelve days after the sale; it was not necessary that it be commenced within the five day period mentioned in the statute.

It being established that a sale of merchandise in bulk by a debtor was void because the requirements of G. L. (Ter. Ed.) c. 106, § 1, were not met, a creditor, in a suit against the debtor and the purchaser to

establish his debt and reach and apply the merchandise in satisfaction thereof, was entitled to a final decree not only establishing his debt but also providing means for having the merchandise, or its value if it was no longer available, applied to its satisfaction.

BILL IN EQUITY, filed in the Superior Court on November 17, 1937.

From a final decree entered by order of *Greenhalge*, J., all parties appealed.

*W. J. Bannan*, (*R. W. McEnaney* with him,) for the defendants.

*G. B. Searls*, for the plaintiff.

LUMMUS, J.    On November 5, 1937, the defendant corporation Locke Stevens & Sanitas, Inc., sold in bulk all its stock of merchandise, otherwise than in the ordinary course of trade and the regular and usual prosecution of its business, to the other defendant, Locke, Stevens, Inc.    Both corporations intended to comply with the statute respecting sales in bulk, G. L. (Ter. Ed.) c. 106, § 1, but they failed to comply with the requirement that they "make a full, detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller of each article to be included in the sale," or the requirement that the written list of names and addresses of the creditors of the seller be certified by the seller on oath to be "a full, accurate and complete list." Either of these failures had the legal result of making the sale "fraudulent and void as against the creditors of the seller."    For the meaning of these words, see *Kelly-Buckley Co.* v. *Cohen*, 195 Mass. 585, 588, 589; *Rabalsky* v. *Levenson*, 221 Mass. 289, 292.

On November 17, 1937, the plaintiff, a creditor of Locke Stevens & Sanitas, Inc., brought this bill to establish its claim and to apply the stock of merchandise thereto.    The final decree merely established the debt, ordered execution against Locke Stevens & Sanitas, Inc., and declared the sale void as to the plaintiff.    The plaintiff and the defendants appealed.

There is nothing in the appeal of the defendants.    Even though the plaintiff received notice of the proposed sale,

it was not bound to take action within the five days mentioned in the statute. It did act "with reasonable despatch." *Kelly-Buckley Co.* v. *Cohen,* 195 Mass. 585, 589.

The decree, in declaring the sale void as to the plaintiff, did not give the plaintiff adequate relief. The plaintiff was entitled to the same remedies "as those of other creditors in case of a sale in fraud of creditors." *Freeman* v. *Collaro,* 265 Mass. 10, 12. One remedy of a creditor in case of a fraudulent conveyance is to "have the conveyance set aside . . . to the extent necessary to satisfy his claim." G. L. (Ter. Ed.) c. 109A, § 9 (*a*). See *Service Mortgage Corp.* v. *Welson,* 293 Mass. 410, 413. This implies an actual application of the property fraudulently conveyed to the satisfaction of the debt. *Dondis* v. *Lash,* 277 Mass. 477, 487. By G. L. (Ter. Ed.) c. 214, § 3 (9), jurisdiction in equity is given of "suits to reach and apply in payment of a debt any property, right, title or interest, real or personal, of a debtor, liable to be attached or taken on execution in an action at law against him and fraudulently conveyed by him with intent to defeat, delay or defraud his creditors." The plaintiff is entitled to have the decree provide effective machinery to apply the stock of merchandise, or its value if it is no longer existent or available, to the satisfaction of its claim. *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515. *Russell* v. *Burke,* 180 Mass. 543. *Rioux* v. *Cronin,* 222 Mass. 131. *Martell* v. *Dorey,* 235 Mass. 35. *Mascari* v. *Mascari,* 255 Mass. 92, 96. *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574, 577. The final decree is reversed, and a new final decree is to be entered, giving to the plaintiff additional relief by providing such machinery.

*Ordered accordingly.*