MICHAEL ZAK *vs.* MARY ZAK & others.

Essex.    December 6, 1939. — February 2, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Trust,* What constitutes. *Husband and Wife. Equity Jurisdiction,* To enforce trust, Suit between husband and wife, Plaintiff's clean hands. *Equity Pleading and Practice,* Variance, Waiver.

A wife who received a transfer of a bank account from her husband, not as a gift, but "under an agreement between" them that she should hold it for him to be returned to him on his demand, held the account under a trust which, upon her repudiation, the husband could enforce by a suit in equity against her.

The mere fact that a husband's motive, in transferring a savings bank deposit belonging to him to his wife's name to hold as his trustee, was to avoid a possible attachment thereof by a third person, did not preclude him from enforcing the trust against his wife.

Under averments in a bill in equity by a husband against his wife, merely that over a period of years the plaintiff had entrusted his earnings to her with the understanding that she would deposit them in banks for his use and benefit, that she deposited them in several savings banks in her own name contrary to his instructions, and that she later deserted him and refused to deliver the bank books to him or to enable him to withdraw the funds or enjoy them, proof that the plaintiff caused a deposit in a bank which stood in his own name to be transferred to his wife's name to be held in trust for him and that she repudiated the trust was not a variance.

If the defence of the statute of limitations is not pleaded in a suit in equity, it is not open on appeal although facts found show that the suit was not brought within the statutory period.

BILL IN EQUITY, filed in the Superior Court on December 13, 1938.

The only averments of the bill as to bank deposits and conduct of the parties relating thereto were in substance, that prior to November 22, 1938, the plaintiff and Mary

Zak lived together as husband and wife in Haverhill; that over a period of many years the plaintiff entrusted his weekly earnings to her, with the understanding that she would deposit them in a bank or banks for his use and benefit; that she, as requested by the plaintiff, deposited large sums of money in four savings banks; that contrary to the plaintiff's instructions the deposits were made in her name; that on November 22, 1938, she deserted the plaintiff and took with her the passbooks representing deposits so made by her of the funds of the plaintiff and since that date had refused to deliver the passbooks to the plaintiff, or in any way to enable him to withdraw and enjoy the funds so deposited by her for him.

A decree dismissing the bill was entered by order of *Greenhalge*, J. The plaintiff appealed.

*F. H. Magison*, for the plaintiff, submitted a brief.

*G. Karelitz*, (*S. Faraci* with him,) for the defendant Mary Zak.

RONAN, J. On January 6, 1927, the plaintiff had a deposit of $993.93 in the City Five Cents Savings Bank of Haverhill, but apprehending that the money might be attached, and for the purpose of avoiding any attachment but not for the purpose of making any gift to his wife (who is one of the defendants and will herein be referred to as the defendant) or to pay family expenses, the deposit was withdrawn by the defendant in pursuance of a written order signed by the plaintiff. After paying with his approval certain of his expenses, the defendant, on July 2, 1927, deposited in her own name, with the knowledge of the plaintiff, the balance of this deposit amounting to $693.93 in the said bank, and refused to turn it over to the plaintiff when he requested her to do so in July, 1929. A master found that the defendant is holding the last mentioned sum "under an agreement between plaintiff and defendant that she should hold it for him, to be returned to him by her on demand, with, or without, interest according to law." After confirming the report, a final decree dismissing the bill was entered in the Superior Court, from which the plaintiff appealed.

The conclusions of the master do not purport to be based solely upon his subsidiary findings and, the evidence not being reported, we must accept his conclusions as true since they are not inconsistent with the subsidiary findings. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431. *Bumpus* v. *Church*, 302 Mass. 419. It is plain that upon the findings of the master the defendant was holding the plaintiff's funds as his trustee, and that she was bound to deliver them to him upon his demand. *Moore* v. *Mansfield*, 248 Mass. 210. *Jameson* v. *Hayes*, 250 Mass. 302. *O'Brien* v. *O'Brien*, 256 Mass. 308. *Cram* v. *Cram*, 262 Mass. 509. *Rosman* v. *Rosman*, 302 Mass. 158.

The defendant contends that the transfer of the money to her was a part of a fraudulent scheme adopted by the plaintiff to avoid a possible attachment by one whom he had assaulted. The husband is not obliged to rest his claim upon such alleged conduct in order to establish his rights in the funds held by the defendant. No fraud was practised upon her and she cannot rely upon the alleged attempt of her husband to defraud a third person. *Schmidt* v. *Schmidt*, 216 Mass. 572. *Pollock* v. *Pollock*, 223 Mass. 382. *Mascari* v. *Mascari*, 255 Mass. 92. *Hazelton* v. *Lewis*, 267 Mass. 533. *Hyland* v. *Hyland*, 278 Mass. 112. *Gerace* v. *Gerace*, 301 Mass. 14.

Her refusal, in 1929, to turn over the money to him constituted a repudiation of the trust which entitled him to a decree — aside from laches and the statute of limitations, neither of which was pleaded. The defendant has had the possession of the plaintiff's money and was not harmed by the delay in filing the bill. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52. *Alvord* v. *Bicknell*, 280 Mass. 567. The gravamen of the bill is that the plaintiff entrusted money to the defendant to be deposited for his use and benefit and that the defendant refused to turn over to the plaintiff certain deposits belonging to him. The bill made no mention of the particular deposit now in question or of the defendant's refusal to transfer the deposit to the plaintiff upon his demand in July, 1929. The proof supported the allegations in the bill and there was no variance as the

defendant contends. The bill on its face did not, however, allege a cause of action which occurred more than six years prior to its filing. The statute of limitations was not set up by demurrer or answer. This defence is not now open to the defendant. *Lennon* v. *Cohen*, 264 Mass. 414, 422. *Castaline* v. *Swardlick*, 264 Mass. 481. *McLearn* v. *Hill*, 276 Mass. 519, 522. A decree is to be entered ordering her to deliver to him the sum of $693.93, with interest thereon at the rate of six per cent a year from the date of demand which, in the absence of any finding by the master as to the date in July, 1929, when such demand was made, we fix as August 1, 1929, *Lydia E. Pinkham Medicine Co.* v. *Gove*, 303 Mass. 1, 9–10, to the date of the final decree, together with costs. *Forbes* v. *Ware*, 172 Mass. 306. *Arnold* v. *Maxwell*, 230 Mass. 441. *Prudential Trust Co.* v. *McCarter*, 271 Mass. 132. *Stuck* v. *Schumm*, 290 Mass. 159. Am. Law Inst. Restatement: Trusts, § 207. The bill is to be dismissed against the corporate defendants with costs.

*Ordered accordingly.*